EAST PROVIDENCE CONSTRUCTION CO. *vs.* AMELIA FRANCES SIMON *et al.*

APRIL 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity seeking payment for certain improvements placed upon land conveyed to Amelia Frances Simon, a minor, by her husband. Said improvements had been constructed by means of money, labor and materials furnished by the complainant and by respondent Newell Coal & Lumber Co., hereinafter called the respondent company. After a hearing upon bill, answer and proof, the

Superior Court decreed that an equitable lien upon said land and improvements existed in favor of the respondent company and ordered the sale of said land and improvements, the proceeds therefrom to be used to satisfy, first, the lien of the respondent company and, second, the claim of the complainant, any balance then remaining to be the property of the other respondents, Mr. and Mrs. Simon. The cause is here on the appeals of Mr. and Mrs. Simon and of complainant from said decree.

The pleadings disclose in effect that Francis Simon, the owner of certain lots in East Providence, conveyed one lot to his minor wife and with her contracted with complainant to construct on said lot a foundation and certain masonry for the erection of a house. The respondent company agreed to furnish certain materials and to loan cash with which to pay for other materials and for labor in the construction of the house, in return for which benefits the Simons executed to said company a mortgage securing a construction loan on the property. Thereafter, the complainant performed the work and the respondent company furnished materials and money as above set forth.

The record clearly discloses the fact that, whatever may have been Mrs. Simon's intention at the time the contracts were executed, when she ascertained that by reason of her minority neither the contracts nor the mortgage were binding upon her she was prompted—either through her own initiative or at the suggestion of her husband or others— to disaffirm her acts and to seek to benefit, without payment, by what had been expended by others to improve her property.

The complainant urges that according to the testimony Mrs. Simon was not guilty of actual fraud but, at the most, of constructive fraud. It is unnecessary to consider this contention. The pleadings allege a conspiracy between the Simons to defraud those furnishing the said money, materials and labor, by means of the conveyance to Mrs. Simon. The evidence supports the finding by the trial

justice that there was such an intent to defraud. Mrs. Simon, by disaffirming her contracts and agreements, became a willing participant in the fraud and endeavored to profit thereby, and she is therefore guilty to the same extent as her husband.

The law is well settled that knowingly participating in and seeking to profit by actual fraud, or attempting to profit thereby without inquiry into the true circumstances, is actual and not constructive fraud. In *Churchill* v. *St. George Development Co.*, 174 N. Y. App. Div. 1, the court said: "Even though innocent of intentional wrong the principal may not retain such benefits and repudiate the fraud which gave rise to them."

The court below by its decree has, as nearly as possible, placed all the parties in the same position with regard to claims upon the property as they would have held had respondent Simon made no conveyance to his minor wife. The justice of this position is apparent: no one is allowed to profit through the fraud, nor is the position of any claimant made better or worse than it would have been had the transaction on the part of the Simons been carried out honestly. To allow the two corporations to lose what they advanced to erect the house in question would put a premium on fraud and sharp practice. The appeals of the respondents, Mr. and Mrs. Simon, are denied and dismissed.

As to the appeal of complainant, that company is not entitled to be placed in a better position than it would have occupied had respondent Simon not made the fraudulent conveyance to his wife. The decree from which the appeal is taken gives the complainant its rightful position.

All appeals are denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Everett D. Higgins*, for complainant.

*Frank H. Bellin*, for respondents Simon.

*Marshall Swan, Charles E. Tilley, Swan, Keeney & Smith*, for respondent, Newell Coal & Lumber Co.